UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**DONTRAE THOMAS**                                                                                        **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 4:22-CV-P100-JHM**

**GRAYSON COUNTY KENTUCKY** *et al.*                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the amended complaint (DN 12)[1] pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), and upon a motion filed by Plaintiff to "certify class" (DN 11). For the following reasons, the Court will dismiss the claims set forth in the amended complaint, but allow Plaintiff the opportunity to file a second amended complaint, and deny Plaintiff's motion to certify class.

### I. 1915A SCREENING

### A. SUMMARY OF AMENDED COMPLAINT

Plaintiff, who was housed at the Grayson County Detention Center (GCDC) during the time pertinent to this case, names as Defendants Grayson County and, in their individual and official capacities, the following GCDC employees: Jailer Jason Woosley, Chief Deputy Jason VanMeter, Colonel Bryan Henderson, and Commissary Administrator Lisa England.[2]

---

[1] Plaintiff initially brought this action along with several other inmates in *Salmon et al. v. Grayson Cnty. et al.*, No. 4:22-cv-88-JHM. The Court severed Plaintiff's claims and ordered Plaintiff to file a superseding amended complaint containing only claims personal to him (DN 10).

[2] Since filing his amended complaint, Plaintiff has been transferred to the Oldham County Jail.

Plaintiff alleges that Defendant England, at the direction of Defendants Woosley, VanMeter, and Henderson, "acted with deliberate indifference to my civil rights" when she "appropriated money from my account as restitution for a jail television that was damaged by another inmate[.]" He states that the money was taken without his consent or authorization, without evidence of wrongdoing by him, and without notice or a hearing. Plaintiff states that he filed grievances and grievance appeals regarding this issue and that they were denied by Defendants Henderson, VanMeter, and Woosley. Plaintiff further alleges that:

> In order to circumvent the due process requirements of disciplinary procedures, the defendants have conspired to adopt and implement an unwritten policy of summarily appropriating relative small sums of money from large groups of inmates who are housed in areas of the jail where GCDC property is either damaged, destroyed or simply stops working. This practice . . . has affected hundreds of inmates who have been wrongfully charged money in the past.

Plaintiff next alleges that after this Court granted Plaintiff's application to proceed without prepayment of fees and ordered GCDC to collect the $350.00 filing fee in partial payments, GCDC collected the entire $350.00 filing fee and then added an "extra fee" of $8.00.

Plaintiff also alleges that GCDC has a policy of denying indigent and *pro se* inmates access to legal reference materials because there is not an adequate law library at GCDC and because when he "tried to have legal reference material sent to me on several different occasion . . . [it was] rejected by the GCDC mail room."

Finally, Plaintiff alleges that "the defendants have retaliated against me and the other inmates who have filed suit by ordering cell searches and taking or throwing away my legal work and are in the process of transferring me across state in an effort to render my civil action moot."

Plaintiff requests damages in the amount of "$30.00 (the approximate amount that was taken from my account by GCDC officials)." He also requests injunctive relief in the form of ordering GCDC to 1) discontinue its "policy" of wrongfully taking restitution from inmates for

damaged property without evidence and a hearing; and 2) allow "*pro se* inmates to receive legal reference material in the mail from non-attorneys, or to provide the inmates with access to an adequate 'up to date" legal reference material."

## B. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### 1. Jail Trust Account Claims

The Court construes Plaintiff's allegations related to money being taken from his jail account as restitution for a damaged television and in excess of the filing fee ordered by this Court as claims for deprivation of his property in violation of the Due Process Clause of the Fourteenth Amendment. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit has held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt. See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Accordingly, these claims will be dismissed for failure to state a claim upon which relief may be granted.[3]

### 2. Inadequate Law library/Rejection of Legal Materials

Plaintiff alleges that GCDC has a policy of denying indigent and *pro se* inmates access to legal reference material both because there is no adequate law library at GCDC and because when he "tried to have legal reference material sent to me on several different occasion . . . [it

---

[3] The Court additionally notes that, as to Plaintiff's allegations regarding GCDC's collection of the filing fee for this action, the Court's records reflect that no portion of the $350.00 filing fee has been paid.

was] rejected by the GCDC mail room." In his request for injunctive relief, he asks that GCDC be ordered to allow inmates to receive legal reference material from non-attorneys. Accordingly, the Court interprets his claim to refer to legal reference material rejected by staff only when it is sent by non-attorneys.

It is well-established that prisoners have a constitutional right to access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). To state a viable claim, however, an inmate must demonstrate he suffered "actual injury" as a result of particular actions of prison officials. *Id.* at 351; *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) ("The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial."). In other words, a plaintiff must plead and demonstrate that the lack of legal materials has hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Muse v. Lawson*, No. 6:20-CV-00145-GFVT, 2020 WL 4340743, at *3 (E.D. Ky. July 28, 2020) ("[T]o establish a claim that the jail has interfered with his right of access to the courts, a prisoner must show actual injury to a nonfrivolous claim.").

Plaintiff has not alleged any actual injury to his ability to pursue a nonfrivolous legal claim by the inadequacy of the law library or legal materials available to him, and thus, fails to state a claim. *See Rayburn v. Blue*, 154 F. Supp. 3d 523, 533 (W.D. Ky. 2015) ("An inmate who claims his access to the courts was denied merely because he was denied access to the prison library, or certain books, fails to state a claim."). Nor has he stated a claim concerning his legal materials being rejected because he does not allege any injury. *See, e.g.*, *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) ("A plaintiff must show that non-delivery of his legal mail

resulted in actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim.") (internal quotation marks, footnote, and citations omitted). These claims will be dismissed for failure to state a claim upon which relief may be granted.

### 3. Denial of Grievances

The Court next turns to Plaintiff's allegation that Defendants Henderson, VanMeter, and Woosley wrongfully denied his grievances and/or grievance appeals. A plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

Thus, any claims based upon the denial of his grievances and grievance appeals must be dismissed for failure to state a claim upon which relief may be granted.

### 4. Retaliation

As stated above, Plaintiff states that "*the defendants* have retaliated against me and the other inmates who have filed suit by ordering cell searches and taking or throwing away my legal work and are in the process of transferring me across state in an effort to render my civil action moot[]" (emphasis added).

To avoid dismissal of a claim, a plaintiff "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). A plaintiff may not rely on broad allegations of collective wrongdoing. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012) (citing *Lanman*, 529 F.3d at 684) (finding that complaint's collective references to "Defendants" failed to satisfy requirement that plaintiff allege specific facts showing how each defendant violated a constitutional right).

Because Plaintiff only refers to "the Defendants" regarding his retaliation claims, these claims are subject to dismissal for failure to state a claim upon which relief may be granted. However, before dismissing Plaintiff's retaliation claims, the Court will provide Plaintiff the opportunity to amend his complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]."). If Plaintiff chooses to file a second amended complaint, he must make specific allegations against each Defendant who allegedly retaliated against him.

### 5. Injunctive Relief

The Court next turns to Plaintiff's requests for injunctive relief which include ordering GCDC to 1) discontinue its "policy" of wrongfully taking restitution from inmates for damaged property without evidence and a disciplinary hearing; and 2) allow "pro se inmates to receive legal reference material in the mail from non-attorneys, or to provide the inmates with access to an adequate 'up to date' legal reference material." Because the Court is dismissing Plaintiff's claims regarding these issues on the merits, Plaintiff's related requests for injunctive relief must also be dismissed.

Plaintiff's requests for injunctive relief are also subject to dismissal because they have been rendered moot by Plaintiff's transfer from GCDC to another jail. *See, e.g.*, *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) ("[A] prisoner's claim for declaratory and injunctive relief against certain prison officials [becomes] moot once the prisoner [is] transferred from the prison of which he complained to a different facility.").

## II. MOTION TO CERTIFY CLASS

In this motion, Plaintiff seeks to certify a class of "any inmate who is either currently, or was previously housed at the [GCDC] who has had money taken from them as a result of a so called 'group deduction' for 'restitution for damaged property' without having been found guilty of a violation of the jail rules and without evidence of wrongdoing . . ., and or any inmate currently housed at [GCDC] who has been denied the right to receive adequate legal reference material in the mail."

Under Fed. R. Civ. P. 23(a), four prerequisites exist for class certification: 1) the class must be so numerous that joinder of all members is impracticable; 2) common questions of law or fact must be present among the class; 3) the claims of the representative party must be typical of the class; and 4) the representative party must be able to protect fairly and adequately the interests of the class. *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000). In this case, no representative party is available because *pro se* prisoners are not able to represent fairly a class. *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). And although Plaintiff has filed a motion to appoint counsel, the Court denied that motion by prior Memorandum and Order. Moreover, the very claims for which Plaintiff seeks class certification are being dismissed for failure to state a claim in this Memorandum Opinion and Order.

For these reasons, the Court concludes that Plaintiff's motion to a certify a class must be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the claims set forth in the amended complaint regarding Plaintiff's jail trust account, denial of access to an adequate law library/rejection of legal materials, grievance-related claims, and requests for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that Plaintiff's motion to certify a class (DN 11) is **DENIED**.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he**

9

**makes specific allegations against each Defendant who allegedly retaliated against him**, **describing how each allegedly violated his rights**.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 complaint form with this case number and the words "Second Amended Complaint" placed in the caption.

Should Plaintiff fail to file a second amended complaint within the allotted amount of time, **Plaintiff is WARNED that this action will be dismissed for the reasons stated herein**.

Date: November 28, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Grayson County Attorney
4414.011